**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ANNMARIE BISHOP-AMOAH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SUNRISE MOUNTAIN VIEW HOSPITAL INC.,<br><br>　　　　　Defendant. | Case No. 2:21-cv-01447-RFB-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>COMPLAINT (ECF NO. 4); SUPPLEMENT (EFC NO. 5); NOTICE OF MANUAL FILING (ECF NO. 6) |

I previously dismissed pro se plaintiff Annmarie Bishop-Amoah's complaint without prejudice and gave her 30 days to file an amended complaint. ECF No. 3. Plaintiff did not file an amended complaint per my order and the time to do so has passed. Plaintiff instead filed a document called, "supporting evidence" and she manually filed a flash drive with the clerk's office. See ECF Nos. 5 and 6. The "supplement" is a copy of an ex parte order from a criminal case.[1] ECF No. 5. The notice of manual filing states that the flash drive contains a video of a meeting between her boss and HR personnel. ECF No. 6. I have not, and will not, review the documents the plaintiff filed with the Court on the flash drive. ECF No. 6. I order the Clerk of Court to seal the ex parte order that plaintiff filed as a supplement. ECF No. 5. I recommend that this case be dismissed.

---

[1] I do not reveal the criminal case here to protect the defendant in that case, but I note that the ex parte order is sealed in the criminal case.

In my screening order I warned that, "[f]ailure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice." ECF No. 3.  I also warned that, "[p]ursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address…Failure to comply with this rule may result in dismissal of the action." *Id.* Plaintiff has not filed an amended complaint or an objection to my screening order. Even under the liberal pleading standard afforded to pro se litigants[2], it is not possible to construe plaintiff's improper supplements as an amended complaint here. Plaintiff will not be prejudiced because she can object to this report and recommendation. For the reasons I discussed in my screening order (ECF No. 3), plaintiff's case should be dismissed.

ACCORDINGLY,

IT IS RECOMMENDED that this action be DISMISSED and Judgment entered.

I ORDER that the Clerk of Court to immediately SEAL plaintiff's supplement. (ECF No. 5).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

---

[2] "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 2nd day of March 2022.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE